62 PEOPLE ex rel. MASON v. BOARD OF SUPERVISORS.

Fifth Department, June Term, 1887.

---

PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM R. MASON, Respondent, v. THE BOARD OF SUPERVISORS OF WAYNE COUNTY, Appellant.

Mandamus — *when it will be granted to compel a board of supervisors to permit a claimant to amend informalities in the form of a claim presented by him.*

An appeal having been taken from the audit and allowance by a board of town auditors of a bill presented by the relator, a justice of the peace, for alleged services in criminal proceedings, the claim was referred by the board of supervisors to a special committee. Objections having been raised to the effect that the bill was informal, in not specifying the name and residence of the complainant in each case, and in not being properly verified, and the relator having asked for permission to withdraw the bill for correction and amendment, the committee reported to the board that it found the bill informal and that the relator asked to withdraw it. The board refused to permit the relator to withdraw the bill, and thereafter confirmed a report of the committee disallowing it.

*Held*, that the relator was entitled to a peremptory writ of *mandamus* commanding the board of supervisors to permit him to amend and correct any informalities in his bill, and to make the same conform to the statutory requirement. That he should not, however, be allowed to withdraw the bill already presented, nor could the board permit him to do so.

Appeal from an order of the Monroe Special Term, granting a peremptory writ of *mandamus*.

*T. W. Collins*, for the appellant.

*John H. Camp*, for the respondent.

HAIGHT, J. :

The writ of *mandamus* is a State writ, and should be issued in the name of the people of the State, but where it is awarded upon the application of a private person it must show that it was issued upon the relation of that person. (Code of Civil Pro., §§ 1991, 1994.) The writ is informal in this regard. The relator, a justice of the peace, in November, 1886, presented a bill for alleged services as such justice in criminal proceedings, to the board of town auditors of the town of Lyons, in the county of Wayne, for audit and allowance. The claim so presented was by the board of town auditors audited and allowed. An appeal was taken therefrom to the board of supervisors of Wayne county. At the next annual meeting of the board of supervisors, the claim was referred to a special committee on appeals of the town of Lyons, before whom the parties appeared. Objections being raised to the effect that the bill was informal in not specifying the names and residence of the complainant in each case, and that is was not made out and verified in accordance with the provisions of the statute, the relator asked the privilege to withdraw the bill for correction and amendment. Thereupon the committee reported to the board of supervisors that they found the bill before them informal and defective, in that it is not in conformity with the requirements of the statute, and an application having been made on behalf of the justice for leave to withdraw his bill for correction and amendment, so as to make it conform to the law, your committee desire to submit that question to the whole board, and request that they be released from further consideration of the bill until the determination of the question. That thereupon the board of supervisors passed the following resolution :

"*Resolved*, That the privilege of withdrawing and modifying the bills considered by the special committee on appeals for the town of Lyons be denied."

Thereupon the chairman of the special committee on appeals of the town of Lyons reported against the allowance of the bill, and thereafter the report of the committee was confirmed. Thereupon

the relator upon notice, moved the Special Term that a peremptory writ of *mandamus* issue to the board of supervisors commanding the board to permit the relator " to amend and correct any informalities in his bill, and make the same conform to the statutory requirements; that he be permitted to amend said bill by stating therein the name and residence of the complainant in each case, the offense charged, the place where the offense was committed, and his action as justice on said complaint, and the name of the constable to whom the warrant on such complaint was delivered, whether the person charged was or was not arrested, whether the examination was waived, or whether witnesses were sworn thereon. That upon said bill being so corrected and amended, that you forthwith proceed to pass upon each separate item of the same and to allow each and every of the legal charges therein contained."

The court, upon hearing the parties, granted the motion and the writ in question was thereupon issued. Undoubtedly the bill, as made out, was not in compliance with the provisions of the statute, and the board of supervisors very properly refused to audit it in that form, but the fact that claimant had presented informal bills to the board of supervisors for audit is not a reason for absolutely rejecting the claim, and thus deprive him of that which may be honestly and fairly due him. In a disposition to be just the right in such cases to amend will readily be suggested. By permitting an amendment the relator could present his claim in the form and manner prescribed by the statute, and then the board of supervisors could examine and pass upon the various items embraced therein, doing justice to all parties.

It is contended, however, by the appellants, that the claim was not absolutely rejected, so that it can be again presented to another board. Such, however, is not the reading of the report appearing in the supervisors' minutes, a copy of which is made a part of the moving papers upon which the writ was allowed.

It is further contended that the board has no power to allow a claim to be withdrawn. Accounts, when presented to the board of supervisors, are required by the clerk to be numbered and a memorandum of the time of presenting, with the names of the persons in whose favor they shall be made out, and by whom they shall be presented, and shall be entered in the minutes of the board to which

they shall be presented, and no such accounts, after being presented, shall be withdrawn from the custody of the board, or its clerk, for any purpose whatever, except to be used as evidence upon a judicial trial or proceeding, and in such case it shall, after being so used, be forthwith returned to such custody. (Sec. 28, chap. 180, Laws of 1845.)

But no withdrawal of the account was necessary, or was asked for in the notice of motion herein. All the relief that the relator wanted or was entitled to, was the leave to amend. Such relief was just and proper and should have been granted. The writ issued, as we have seen, is informal. It also directs that the relator be permitted to withdraw his bill. In this particular it exceeds the relief asked for in the notice of motion. It is also apparent that nothing can be gained by having a special meeting of the board at this time, the annual tax levy having been heretofore made.

The writ should be amended by inserting a proper title, and modified by striking out the clause "Permitting the bill to be withdrawn," and the clause "That the board shall thereafter within five days convene," and insert in place thereof "That the board at its next annual session," and, as so modified, affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and BRADLEY, J., concurred.

Order and writ amended and modified as indicated in the opinion, and order, as so modified, affirmed, with ten dollars costs and disbursements.